**UNITED STATES of America, Plaintiff,**

**v.**

**Joe Angel VENECIA, Defendant.**

**CR No. 96–449–FR.**

United States District Court,
D. Oregon.

May 6, 1997.

Kristine Olson, U.S. Attorney, John C. La-ing, Assistant U.S. Attorney, Portland, OR, for Plaintiff.

Steven T. Wax, Federal Defender, Thomas J. Hester, Assistant Federal Defender, Portland, OR, for Defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion to quash subpoena filed by the Marion County Corrections Department (# 28).

## BACKGROUND

The defendant, Joe Angel Venecia, is charged with the crime of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and the crime of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(2). Teddy Kesler is the alleged victim and a critical witness for the government. Kesler has been convicted of the crime of delivery of a controlled substance and is under the supervision of the Department of Corrections in Marion County, Oregon.

A subpoena on behalf of Venecia was served upon Phyllis Featherstone, Probation Officer, Marion County Department of Corrections, seeking the "[c]omplete probation file for Teddy Renee Kesler (DOB 2/24/77)."

In compliance with the subpoena, the Marion County Corrections Department provided the relevant documents to the court along with a letter stating that a motion to quash was being prepared by Marion County Counsel. On April 17, 1997, Marion County Counsel moved this court to quash the subpoena requiring Featherstone to provide a complete copy of the probation file of Teddy Renee Kesler to defendant's attorney. Marion County Counsel contends that these documents contain confidential information from a presentence report, information from the Law Enforcement Data System, and personal medical and possibly drug or alcohol treatment information about Teddy Renee Kesler.

Venecia contends that discovery of Kesler's probation file is mandated by Rule 17(c) of the Federal Rules of Criminal Procedure, the Fifth Amendment's guarantee of due process, and the Sixth Amendment's guarantee of compulsory process and confrontation. Defense counsel has provided to the court an *ex parte* affidavit stating Venecia's need for production of Kesler's probation file.

## APPLICABLE LAW

Rule 17(c) of the Federal Rules of Criminal Procedure states:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial

or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

This rule does not provide a means of discovery for criminal defendants. Its chief innovation is to expedite a trial by providing a time and place *before* trial for the inspection of subpoenaed materials. *United States v. Nixon,* 418 U.S. 683, 698–99, 94 S.Ct. 3090, 3102–03, 41 L.Ed.2d 1039 (1974). In order to require the production of documents prior to trial, the moving party must show: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general fishing expedition. *Id.* at 699–700, 94 S.Ct. at 3103–04. Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial. *Id.* at 701–02, 94 S.Ct. at 3104–05.

### RULING OF THE COURT

The court has reviewed the arguments of the parties and the probation file provided to the court by the Marion County Corrections Department. After a review of the documents, the court finds that the documents are, at best, marginally relevant to attempt to impeach Kesler. The court finds that the documents in the probation file are not necessary in order for Venecia to properly prepare for trial. The court will place the materials provided by the Marion County Corrections Department and reviewed by this court under seal in the file of this case to complete the record.

The motion to quash subpoena filed by the Marion County Corrections Department (# 28) is GRANTED.

IT IS SO ORDERED.